In re Joseph DECKER & Ann Decker, i/t/a Chestnut Ridge Farms, Debtors.

**METROPOLITAN EDISON COMPANY, Plaintiff,**

v.

**Joseph DECKER & Ann Decker, i/t/a Chestnut Ridge Farms, Defendants.**

**Bankruptcy Nos. 79–408 to 79–410.**

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 24, 1983.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, Metropolitan Edison Company (Met-Ed), commenced this adversary proceeding against the Chapter XI debtors to modify the automatic stay imposed by Bankruptcy Rule 11–44(a) due to the debtors' failure to pay Met-Ed for the cost of electricity furnished subsequent to the fil-

ing of bankruptcy. For the reasons cited herein we grant the relief requested.

The facts are as follows. The debtors filed for relief under Chapter XI on May 4, 1979. This Court entered an order directing, inter alia, the debtors to pay all current expenses as they became due. Met-Ed is owed in excess of $48,000 by the debtors for electricity furnished to them subsequent to their filing of a petition for relief under Chapter XI. The outstanding arrearages began accruing at least as early as February of 1980. During the pendency of this Chapter XI proceeding the debtors executed with Met-Ed two agreements for the amortization of the arrearages. The debtors breached both agreements by nonpayment. The debtors are not making payments to Met-Ed for their current consumption of electricity nor are they satisfying any of the outstanding arrearages.

Upon the filing of a petition for relief under Chapter XI of the Bankruptcy Act of 1898, a stay arises barring debt collection activities against the debtor and his property. Relief from this stay can be granted under Rule 11–44(d) which states as follows:

> (d) *Relief from Stay.* Upon the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

Applying the language of Rule 11–44(d) to the case at bar we find that cause exists for modification of the automatic stay since the debtors have provided no satisfactory assurance that Met-Ed's bill will be paid. At trial the debtors did introduce testimony that there is a possibility of an improvement in their economic situation. At best the debtors have only a possibility; this is insufficient to provide Met-Ed with reasonable assurance that its debt will be paid. In light of this, we will grant Met-Ed's request for relief from the automatic stay.

Met-Ed has requested in its complaint that we allow it to "commence appropriate proceedings pursuant to state law to collect all amounts due and owing with respect to post-petition electric utility service rendered to the debtors. . . ." To grant such relief would be disruptive of this bankruptcy proceeding and would effectively subordinate all other administrative claimants who have a higher priority for payment from the estate. Nonetheless, we grant Met-Ed relief from the stay in order to terminate electric service to the debtors. Such termination shall be in accordance with the rules and regulations of the Pennsylvania Public Utility Commission. Met-Ed is also free to negotiate with the debtors in order to reach an amicable settlement for the payment of past and current accounts. A default in such a settlement shall allow Met-Ed to terminate immediately electric service to the debtors subject to the provisions of the Pennsylvania Public Utility Commission.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.